MEMORANDUM
COX, J.
The petitioner seeks a review of the award made by the Secretary of the Interior in War Minerals Claim No. 5, filed by the petitioner and three individuals, arising out of the operations of the claimants in the production of pyrites on a tract of land located in Alabama.
On April 24, 1917, the claimants obtained a lease on mining property for a period of about twelve months, with an option to purchase for $75,000 at any time during the life of the lease. The original plan of the lessors was to dewater and examine the mine, and, if conditions justified, “to begin and increase mining operations as the ore-body and general conditions of the country should from time to time warrant.” After the mine was dewatered, and while the abandonment of the venture was receiving serious consideration, the claimants were requested by the Government on July 13, 1917, to increase the production of pyrites, and operations were conducted under stimulation from July 13, 1917, to November 11, 1918, resulting in the production of a considerable quantity of ore. The option to purchase the property was exercised by the claimants on March 4, 1918.
On May 12, 1919, the Claim (No. 5) was filed for losses sustained, pursuant to the provisions of the Act of March 2, 1919 (40 Stat. 1272)-. It comprised separate claims of the *115 four claimants embraced in one statement “for convenience of disposition.” After hearings upon a complicated and voluminous record, the Secretary made an award for losses aggregating $46,089.34.
By the petition, it is alleged that the Secretary erred (1) in denying reimbursement for loss sustained by reason of the purchase of the mining property, and (2) in not allowing reimbursement on account of obligations of petitioner to pay interest on deferred installments of the purchase price of the property.
Subsequent to the hearing in this Court, the Secretary, with the brief in support of his defense, asked leave to file an amended answer, submitted therewith. It is thought that the proposed amendment states no bar to the review prayed by the petitioner, and does not disclose any material facts necessary to the disposition of the claim not disclosed in the original pleadings or on the hearing. Leave to amend is accordingly denied, for reasons more fully stated in the memoranda filed in Joan Mining Co. v. Wilbur, Equity No. 50,947, and Crowley, Receiver, v. Wilbur, Equity No. 50,946.
(1) The first question presented for review is whether the Secretary erred in denying the petitioner reimbursement for loss sustained by reason of the purchase of the mining property. This question is complicated by the fact that the lease of the property was obtained prior to the period of stimulation, and that the petitioner held the property for some years after the Armistice. The petitioner, however, contended before the Secretary that an extension of the option under the lease could not be obtained, and that the purchase of the property was necessary in order to continue the operation 'of the mine up to the time of the Armistice.
It appears that payments made on the purchase price of the property up to the time of the Armistice aggregated $13,000. Of this amount, $7,439.50, representing the amount of royalties paid under the lease and credited on account of *116 the purchase price, was included as depletion by the Secretary in the award made on the claim. But it clearly appears from the opinion of the Secretary, attached as Exhibit “A” to the petition, that he proceeded upon the theory, theretofore uniformly followed in his decisions, that expenditures for the purchase of property could not be considered in determining net losses within the meaning of the Act. Accordingly, he gave no consideration whatever to the expenditure of $5,560.50, representing the difference between the total of $13,000, actually paid out on account of the purchase price of the property, and the $7,439.50, which was allowed as depletion.
The theory thus relied on and followed by the Secretary was subsequently overruled by the Supreme Court of the United States in Wilbur v. U. S. ex rel Vindicator Consolidated Gold Mining Co., 284 U. S. 231. It would seem proper, therefore, that the Secretary should consider this phase of the claim in the light of the opinion in that case, and, having regard to all the circumstances, determine how much, if any, of the balance of the purchase money expended should “in justice and equity” be included in the award for net losses sustained.
(2) As to the claim with respect to interest, it is thought there is no sufficient showing upon the record of any error committed by the Secretary with respect to this item to justify the Court to direct further consideration of the matter by him.
Decree in accordance with this memorandum may be settled on notice.
MEMORANDUM MODIFYING MEMORANDUM OF OPINION FILED May 23,1933
COX, J.
The petitioner has applied for modification of the memo *117 randum opinion filed herein May 23, 1933, on the ground that its conclusions are not in harmony with the subsequent opinion of the Supreme Court of the United States of May 29, 1933, in Ickes v. Chestatee Pyrites & Chemical Corporation, 289 U. S. 510, in which the following language is used:
“The net losses consist of any deficit from operations plus any shrinkage in value of the plant investment. In calculating the loss for a period it is immaterial whether items entered as operating expense or as investment have been paid or are still owed for. If the capital employed by the Corporation during the period, whether owned or borrowed, was sunk, its loss will necessarily be reflected either in the deficit from operations or in the shrinkage in value of capital assets.” (P. 514.)
In the instant case, the petitioner claims it was forced to exercise an option to purchase the leased mining property in order to carry on the mining business being operated under government stimulation. The purchase price of the property was $75,000, of which $13,000 was paid up to the time of the Armistice — $7,439.50 being paid as royalties under the lease and credited on the purchase price, in addition to other cash payments aggregating $5,650.50.
On the theory that expenditures for purchase of property could not be considered in determining net losses, the Secretary left out of consideration the contract of purchase and all payments made thereunder. He included, however, in allowance for depletion the item of $7,439.50, royalties paid under the lease and credited on the purchase price.
This disposition of the matter was held to be erroneous, in the light of the opinion of the Supreme Court in Wilbur v. U. S. ex rel Vindicator Consolidated Gold Mining Co., 284 U. S. 231, the language of the memorandum opinion herein being as follows:
“It would seem proper, therefore, that the Secretary should reconsider this phase of the claim in the light of the *118 opinion in that case, and, having regard to all the circumstances, determine how much, if any, of the balance of the purchase money expended (above the $7,439.50 paid for royalties) should 'in justice and equity’ be included in the award for net losses sustained.”
It is urged that this language precludes the Secretary from considering the purchase price which the petitioner contracted to pay in exercising the option agreement.
To remove any misunderstanding it is held that the language just quoted from the memorandum opinion is to be extended to authorize consideration by the Secretary, not only of the amount paid on account of the purchase price, but also the entire contract for the purchase of the land, which provided for payments in interest bearing installments.
Interest on the deferred payments up to March 2, 1919, is considered merely an incident, or part, of the purchase price contracted to be paid for the property, and would fall within consideration to be given to the contract of purchase.